1  DANIEL G. BOGDEN
   United States Attorney
2  NANCY J. KOPPE
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336/Fax: (702) 388-6698

```
  _____
  |  ✓ FILED          ___ RECEIVED |
  |  ___ ENTERED      ___ SERVED ON |
  |         COUNSEL/PARTIES OF RECORD|
  |   _____        |
  |   |                    |        |
  |   |   FEB - 7 2012      |        |
  |   |_____|        |
  |      CLERK US DISTRICT COURT     |
  |       DISTRICT OF NEVADA         |
  |  BY:_____DEPUTY       |
  |_____|
```

5

6

7

## UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9
-oOo-

10  UNITED STATES OF AMERICA        )
                                    )
11              Plaintiff,           )        2:11-cr-00256-GMN-GWF
                                    )
12      vs                          )        **PLEA MEMORANDUM**
                                    )
13  RODGER SCHANK,                  )
                                    )
14              Defendant.           )
    _____)

15

16          The United States, by and through Daniel G. Bogden, United States Attorney, and

17  Nancy J. Koppe, Assistant United States Attorney, Rodger Schank ("defendant") and defendant's

18  attorney, William C. Carrico, submit this plea memorandum.

19                                      I.

20                              **PLEA AGREEMENT**

21          The United States and defendant have reached the following plea agreement, which is

22  not binding on the Court:

23  **A.    The Plea**

24          Defendant will plead guilty to the indictment, charging Coercion and Enticement, in

25  violation of Title 18, United States Code, Section 2422(b).

26  . . . .

**B.    Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.    Sentencing Guideline Calculations**

Defendant understands that the Court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.    Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1.    The Base Offense Level is 28. (§ 2G1.3(a)(3)); and

a.    A 2 level upward adjustment applies because the offense involved the use of a computer or an interactive computer service to persuade, entice, induce or coerce a minor to engage in prohibited sexual conduct.  (§ 2G1.3(b)(3)(A)).

2.    Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

3.    Defendant agrees that the Court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged,  in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

2

4.      Defendant's Criminal History Category will be determined by the Court.

**D.   Other Sentencing Matters**

1.      The defendant will seek neither a downward departure pursuant to U.S.S.G. 5K1.1 nor a downward adjustment pursuant to 18 U.S.C. 3553 from the sentence that the parties have agreed to recommend to the Court.

2.      The parties will jointly recommend that defendant be sentenced to 10 years imprisonment, and lifetime supervised release, unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. Defendant understands that he cannot and will not receive a sentence that is lower than 10 years incarceration.

3.      Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student.  Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information.  Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status.  Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d).  Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or

3

agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

4.      As a condition of supervised release, defendant shall initially register with the state sex offender registration in Nevada, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

5.      The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

6.      The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E.   Fines and Special Assessment**

1.      Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2.      Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

4

**F.   Waiver of Appeal**

        1.   In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence of 10 years, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution.  Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.  Defendant reserves only the right to appeal any portion of the sentence that is higher than 10 years.

        2.   Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculations in section C are consistent with the facts of this case.

**G.   Deportation/Removal Consequences of Guilty Plea**

        Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this plea memorandum.

**H.   Additional Promises, Agreements, and Conditions**

        1.   In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed.R.Evid. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under

Fed.R.Crim.P. 11(f) and Fed.R.Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.      The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

## I.   **Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1.      The penalty for violating Title 18, United States Code, Section 2422(b) is not less than ten (10) years imprisonment and not more than lifetime imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both. Defendant understands that he cannot and will not receive a sentence of less than 10 years imprisonment.

2.      Defendant is subject to supervised release for life.

3.      Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.      Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

5.      Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Coercion and Enticement, Title 18, United States Code, Section 2422(b), are the following:

1.      The defendant, using the mail or any facility or means of interstate or foreign commerce;

2.      Knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade, induce, entice or coerce;

3.      Any individual who has not attained the age of 18 years;

4.      To engage in any sexual activity for which any person can be charged with a criminal offense.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.      Defendant is pleading guilty because defendant is guilty of the charged offense.

2.      In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3.      Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4.      On July 6, 2011, Henderson Police Detective Wayne Nichols went online in an undercover capacity, to the website Craigslist.com. Under casual encounters, Detective Nichols

7

observed an advertisement that he later learned was posted by defendant Rodger Schank. This advertisement was entitled, in part, "[w]atch this daddy jack off." The body of the ad stated that a 48-year old "daddy loves jacking his cock for a younger girl." It also said that, if "you are a younger girl and want to watch daddy jack his cock get back to me." The ad went on to state that, "even if your [sic] older and want to tell me about you and your son or dad as I jack I am open to that. Would also like to hear from others into the mom/son or Dad?daughter thing or even just age difference." The ad ended with the poster stating that he was "open to all." Also included in the posting was a four-page story about an incestuous encounter between a man and his teenage daughter.

5.      Detective Nichols responded to the ad from an undercover e-mail account, stating that the sender of the e-mail had seen the ad, and was younger. Defendant e-mailed back from the e-mail address lasvegasjacker@yahoo.com, and stated that he was very open to the idea of meeting someone younger. Detective Nichols then sent an e-mail stating that he was a 13-year old female. Throughout the conversations, this age was continuously cited, and defendant acknowledged the age of the girl.

6.      After a brief exchange over e-mail, defendant asked if the girl used Yahoo Instant Messenger (YM). The two then began chatting over YM. Defendant asked for a photo, and provided a photo of himself. Detective Nichols sent a forensically regressed image of a female law enforcement agent that appeared to be a 13- or 14-year old girl. After receiving the photo, defendant complimented it, saying that the girl was "nice looking," "cute," and "hot."

7.      As the conversation continued, defendant began asking if the girl would meet with him. He gave a specific time range that day, and offered to give her a ride. He also said, "don't get mad at me if when we meet u see my cock get hard." Defendant also stated, during the conversations, that he was masturbating to the girl's photo, and would like to touch her. When the girl expressed concern about getting pregnant at age 13, defendant said that he had condoms, and that he would "pull out." He also said, "I want to eat your sweet little pussy and ass."

8.     Tentative arrangements were made to meet on July 7, 2011 at 3:00 p.m., at a Vons located in Henderson, Nevada. At approximately 2:18 p.m. on July 7, 2011, detectives observed defendant leave his residence and drive away in his vehicle.  He drove directly to the meet location, and initially drove around the parking lot.  When he parked and exited the vehicle, detectives were able to confirm that defendant was the driver and sole occupant of the vehicle. Defendant walked into Vons, and exited shortly thereafter.  He returned to his vehicle, where detectives observed him sitting and actively looking around. At approximately 2:40 p.m., detectives approached defendant's vehicle, took him into custody without incident and transported him to the Henderson Police Department.

9.     Defendant used a facility of interstate commerce to communicate with the girl. Defendant was over 18 years old during the time that all of these events occurred, and was in Nevada during the entire relevant time period.  It is a crime in Nevada for a person over the age of 18 to engage in sexual acts that defendant told the girl they would engage in, with a 13-year old.

**V.**

**ACKNOWLEDGMENT**

1.     Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.     Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States.  Specifically, defendant is giving up:

a.     The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b.     The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

9

1              c.     The right to remain silent at such trial, with such silence not to be used

2   against defendant in any way;

3              d.     The right, should defendant so choose, to testify in defendant's own

4   behalf at such a trial;

5              e.     The right to compel witnesses to appear at such a trial, and to testify in

6   defendant's behalf; and

7              f.     The right to have the assistance of an attorney at all stages of such

8   proceedings.

9             3.     Defendant, defendant's attorney, and the attorney for the United States

10   acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by

11   and between the parties, and that no other promise has been made or implied by either defendant,

12   defendant's attorney, or the attorney for the United States.

13                             DANIEL G. BOGDEN
                             United States Attorney

14

15

16   1/13/2012
   DATED

17                             NANCY J. KOPPE
                          Assistant United States Attorney

18

19   1-12-12
   DATED

20                             RODGER SCHANK, Defendant

21

22   January 12, 2012
23      DATED

24                             WILLIAM C. CARRICO
                          Counsel for Defendant

25

26